**REESE LLP**
Michael R. Reese (WIED Bar No. CA206773)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email: *mreese@reesellp.com*

**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan (to be admitted *pro hac vice*)
505 Northern Boulevard, Suite 311
Great Neck, New York 10021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
Email: *spencer@spencersheehan.com*

*Counsel for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Owen Rosenberg, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>        - against -<br><br>S. C. Johnson & Son, Inc.,<br><br>                  Defendant | Case No.: 02-cv-0869<br><br><br>**Class Action Complaint**<br><br><br>**Jury Trial Demanded** |

Plaintiff Owen Rosenberg ("Plaintiff") by Plaintiff's undersigned attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

## NATURE OF THE ACTION

1. S. C. Johnson & Son, Inc. ("Defendant") manufactures, distributes, markets, labels and sells an array of household cleaning products under the Windex brand with the prominent description "Non-Toxic Formula" on the front of the packaging ("Products"). These include Windex "ORIGINAL"; "AMMONIA-FREE"; "VINEGAR" and "MULTISURFACE". Examples of the relevant deceptive "Non-Toxic Formula" Windex Products are as follows:






2. The Products are available to consumers from retail and online stores of third-parties.

3. Based on the "Non-Toxic" representations, reasonable consumers believe the Products contain only non-toxic ingredients that are safe for humans, animals, and the environment. Put differently, reasonable consumers do not believe the Products contain any harmful ingredients or allergens.

4. However, in spite of the labeling, the Products actually contain, in varying combinations, ingredients that are harmful to humans, animals, and/or the environment.

2

5. Specifically, Windex Original contains butylphenyl methylpropional, citronellol, linalool, 2-hexoxyethanol, and isopropanolamine, all of which, as detailed below, are toxic.

6. Windex Vinegar contains 2-hexoxyethanol and linalool, all of which, as detailed below, are toxic.

7. Windex Ammonia-Free contains linalool, 2-hexoxyethanol, isopropanolamine, andbutylphenyl methylpropional, all of which, as detailed below, are toxic.

8. Windex MultiSurface contains linalool and 2-hexoxyethanol, all of which, as detailed below, are toxic.

**Toxic Ingredients in Windex "Non-Toxic" Products**

9. As stated above, the following ingredients appear in one of more of the deceptive "Non-Toxic" Products at issue here.

10. **2- hexoxyethanol** is harmful if swallowed and can cause central nervous system depression and kidney failure and may be absorbed through the skin.[1] It also a respiratory tract irritant.[2]

11. **Butylphenyl methylpropional**, or "**lilial**" has been linked to bioaccumulation, organ system toxicity, endocrine disruption, and allergies.[3]

12. **Citronellol** has been found to be immunotoxic.[4]

13. **Isopropanolamine** is a combustible, corrosive chemical that causes skin and eye irritation as well as loss of vision.[5] Upon ingestion, it causes a burning sensation, abdominal pains,

---

[1] https://haz-map.com/Agents/3112 (last visited June 8, 2020).
[2] *Id.*
[3] *See* https://www.ewg.org/skindeep/ingredients/700872-lilial/ (last visited June 8, 2020)
[4] https://www.ewg.org/skindeep/ingredients/701389-citronellol/ (last visited June 8, 2020)
[5] http://www.inchem.org/documents/icsc/icsc/eics0905.htm (last visited June 8, 2020)

3

and shock or collapse.[6] Upon inhalation, it causes sore throat and shortness of breath.[7]

14. **Linalool** is a fragrance allergen that may cause contact dermatitis.[8]

15. Labeling the Products as "Non-Toxic" when they contain any ingredients that can be harmful to humans, animals, and/or the environment is wholly misleading and deceptive. In fact, the National Advertising Division ("NAD") found that the representations made on the labeling and in the advertising of certain of the Products are false, misleading, and likely to deceive reasonable consumers. Specifically, on March 24, 2020, the NAD recommended that Defendant "discontinue the claim 'non-toxic' on the package labeling of its Windex Vinegar Glass Cleaner." In explaining its decision, the NAD stated:

> After considering the guidance offered by the Federal Trade Commission's Guides for the Use of Environmental Marketing Claims ("Green Guides") and FTC precedent, NAD determined that the term "non-toxic," as used on the label of Windex Vinegar Glass Cleaner, reasonably conveys a message that the product will not harm people (including small children), common pets, or the environment. Importantly, NAD noted that a reasonable consumer's understanding of the concept of "will not harm" is not limited to death, but also various types of temporary physical illness, such as vomiting, rash, and gastrointestinal upset.[9]

16. Defendant provided the NAD with certain substantiation for the non-toxic claim. However, the NAD determined that "the evidence fell short of providing the conclusive assessment of toxicity necessary to support a 'non-toxic' claim. Thus, the NAD recommended that Defendant discontinue the claim "non-toxic.

---

[6] http://www.inchem.org/documents/icsc/icsc/eics0905.htm (last visited June 8, 2020)
[7] *Id.*
[8] https://www.ewg.org/skindeep/ingredients/703568-LINALOOL/ (last visited June 8, 2020)
[9] https://www.prnewswire.com/news-releases/nad-recommends-sc-johnson-discontinue-non-toxic-claim-on-windex-vinegar-glass-cleaner-advertiser-to-appeal-to-narb-301029241.html (last visited June 8, 2020)

17. As stated in the NAD decision, the Federal Trade Commission ("FTC") has issued guidelines for products marketed with such non-toxic messages in the form of Green Guides ("Guides").

18. The Guides apply to the marketing and sale of products purported to be environmentally-friendly, to "help marketers avoid making environmental marketing claims that are unfair or deceptive." 16 C.F.R. § 260.1.

19. The Guides prohibit "deceptive acts" or representations which are "likely to mislead consumers acting reasonably under the circumstances and [are] material to consumers' decisions," including representations made through labeling, advertising or other promotional services. 16 C.F.R. § 260.1.

20. Specifically, "it is deceptive to misrepresent, directly or by implication, that a product, package or service is non-toxic" and "a non-toxic claim likely conveys that a product, package, or service is non-toxic for humans and for the environment generally." 16 C.F.R. § 260.10(a).

21. To accurately and non-deceptively claim that a product is "non-toxic," marketers must have reliable scientific evidence to substantiate such a claim or "should clearly and prominently qualify their claims to avoid deception." 16 C.F.R. § 260.10(b).

22. The EPA has cautioned that non-toxic claims might prevent consumers from taking necessary precautions in handling a product and the FTC warned marketers to qualify non-toxic claims carefully unless the marketers can substantiate all express and implied messages inherent in an unqualified non-toxic claim.[10]

23. The Product's "non-toxic" claim signifies to reasonable consumers that the Product

---

[10] FTC, The Green Guides Statement of Basis and Purpose at 147.

will not be harmful to people (including small children), common pets or the environment.[11]

24. A reasonable consumer's understanding of "will not harm" is not limited to toxins that cause death but "also various types of temporary physical illness, such as vomiting, rash and gastrointestinal upset."

25. Contrary to the Product's claims of being "non-toxic," the Product contains ingredients that are harmful to humans, household pets or the environment generally.

26. Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud consumers.

27. Defendant has sold more of the Products and at higher prices per unit than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

28. The marketing of the Product as "non-toxic" has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

29. Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiff and consumers.

30. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiff.

31. The value of the Product that plaintiff purchased and used was materially less than its value as represented by Defendant.

32. Had plaintiff and class members known the truth, they would not have bought the

---

[11] https://bbbprograms.org/media/details/nad-reccomends-s.c.-johnson-discontinue-non-toxic-claim-on-windex-vinegar-glass-cleaner-advertiser-to-appeal-to-narb

6

Product or would have paid less for them.

33. As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $3.17 for containers of 23 OZ, excluding tax, compared to other similar products represented in a non-misleading way.

## JURISDICTION AND VENUE

34. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

35. Under CAFA, district courts have original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity.

36. Plaintiff Owen Rosenberg is a citizen of California.

37. Defendant S. C. Johnson & Son, Inc. is a Wisconsin corporation with a principal place of business in Racine, Wisconsin and is a citizen of Wisconsin.

38. Venue is proper Defendant is headquartered within this District.

39. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within this state.

## PARTIES

40. Plaintiff Owen Rosenberg is a citizen of Petaluma, California.

41. Defendant S. C. Johnson & Son, Inc. is a Wisconsin corporation with a principal place of business in Racine, Wisconsin.

42. During the relevant statutes of limitations, plaintiff purchased the Product within California at stores for personal and household use in reliance on the representations the Product was non-toxic.

7

43. Plaintiff bought the Product because Plaintiff wanted to avoid harm caused by harsh chemicals and understood non-toxic in the manner identified above.

44. Plaintiff would buy the Product again if assured it did not contain components which were inconsistent with the use of an unqualified non-toxic claim.

## CLASS ALLEGATIONS

45. The class will consist of all purchasers of the Products in the United States who bought and of the Products during the time period June 8, 2017 to time of trial.

46. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

47. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

48. Plaintiff is an adequate representatives because Plaintiff's interests do not conflict with other members.

49. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

50. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

51. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

52. Plaintiff seeks class-wide injunctive relief because the practices continue.

# CAUSES OF ACTION

## COUNT I

## VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT, WIS. STAT. § 100.18(1)

53. Plaintiff incorporates and realleges the paragraphs above as if fully set forth herein.

54. Defendant's Non-Toxic label constitutes false, deceptive and misleading advertising in violation of Wisconsin's Deceptive Trade Practices Act ("DTPA").

55. As set forth above, the Non-Toxic label is false, deceptive and misleading because it causes consumers to believe that Defendant's products are safer than they actually are.

56. Defendant designed the false, misleading and deceptive Non-Toxic label with intent to sell, distribute and increase the consumption of its products bearing the Non-Toxic label including Windex Original; Windex Vinegar; Windex Ammonia-Free; and Windex MultiSurface.

57. Defendant's violation of the DTPA caused Plaintiff and Class members to suffer pecuniary loss. Specifically, Defendant's false, deceptive and misleading Non-Toxic label caused consumers to purchase Defendant's products believing they were environmentally friendly and non-toxic when, in fact, they were not.

58. Because Defendant's Non-Toxic marketing program was devised, implemented and directed from Defendant's headquarters in Racine, Wisconsin, the DTPA applies to a class of purchasers of Defendant's products bearing the Non-Toxic label, both within and outside of Wisconsin, who have been harmed as a result. Moreover, Wisconsin has a substantial interest in preventing false, deceptive and misleading practices within the State which may have an effect both in Wisconsin and throughout the rest of the country.

## COUNT II

### UNJUST ENRICHMENT

59. Plaintiff incorporates and realleges the paragraphs above as if fully set out herein.

60. Plaintiff and Class members conferred a benefit on Defendant when they purchased products carrying the false, deceptive and misleading Non-Toxic label.

61. Defendant appreciated and had knowledge of the benefit conferred by Plaintiff and Class members.

62. Defendant's acceptance and retention of the benefit conferred by Plaintiff and Class members would be inequitable under the circumstances.

63. Accordingly, equity and good conscience demand that Defendant should return the benefit conferred by Plaintiff and Class members.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment:

- Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

- Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

- Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

- Awarding monetary damages and interest pursuant to the common law and other statutory claims;

- Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

- Any other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues.

Dated: June 8, 2020

Respectfully submitted,

**REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
Email: *mreese@reesellp.com*

**Sheehan & Associates, P.C.**
Spencer Sheehan
505 Northern Blvd Ste 311
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*

*Counsel for Plaintiff and the Proposed Class*