# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| OWEN ROSENBERG, CARRIE MCDOUGLE, CHRIS LEMKE, and ANGELA MILLER,<br><br>    Plaintiffs,<br><br>v.<br><br>SC JOHNSON & SON, INC.,<br><br>    Defendant. | Case No. 20-CV-869-JPS<br><br>**ORDER** |

    This case challenges labeling claims that certain Windex products are "non-toxic." On June 8, 2020, four purchasers of Windex products (collectively, "Plaintiffs") filed a class action complaint pursuant to 28 U.S.C. § 1332(d)(2)[1] alleging (1) violations of Wisconsin's Deceptive Trade Practices Act ("DTPA") and (2) unjust enrichment. (Docket #1). On September 28, 2020, SC Johnson & Son, Inc. ("Defendant") filed a motion to dismiss the complaint for want of subject matter jurisdiction and for failure to state a claim. (Docket #4). On October 19, 2020, in lieu of an opposition,

---

[1] This is the "Class Action Fairness Act," which extends federal jurisdiction to cases in which the amount in controversy exceeds $5,000,000, there is minimal diversity, (i.e., "any member of a class of plaintiffs is a citizen of a state different from any defendant"), and the class of plaintiffs consists of at least 100 people. 28 U.S.C. § 1332(d)(2), (5)(B). Here, there is minimal diversity because plaintiff Owen Rosenberg is a citizen of California, and defendant is a citizen of Wisconsin. The complaint alleges that the class will consist of "all purchasers of the Products in the United States who bought an[y] of the Products during the time period [of] June 8, 2017 to [the] time of trial." (Docket #1 ¶ 45). Given the nationwide sales of the products in question and the time frame of at least four years, the Court finds the jurisdiction requirements of the Class Action Fairness Act have been sufficiently alleged.

Plaintiffs filed a first amended complaint, which alleges the same two causes of action but included additional facts. (Docket #12). Again, Defendant filed a motion to dismiss that complaint for want of subject matter jurisdiction, failure to state a claim, and failure to allege fraud or mistake with sufficient particularity. (Docket #14). That motion is now fully briefed.[2] The first motion to dismiss (Docket #4) will be denied as moot; the second motion to dismiss (Docket #14) will be granted with leave to amend for the reasons explained below.

1. **LEGAL STANDARDS**

    1.1 **Rule 12(b)(1)**

    Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a case where the Court lacks subject matter jurisdiction. When faced with a jurisdictional challenge, the Court accepts as true the well-pleaded factual allegations found in the complaint, drawing all reasonable inferences in favor of the plaintiff. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2017). In this context, the Court may also consider extrinsic evidence adduced by the parties. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

---

[2]Plaintiffs have voluntarily dismissed their claim for unjust enrichment. (Docket #19 at 11). Defendant "agrees with this action," but requests the Court dismiss the claim with prejudice because "Plaintiffs will not be able to remedy this failing by amending the pleadings." (Docket #20 at 13). While this is a compelling point, the issue has not been briefed, and the Court declines to decide the merits of the claim without the benefit of Plaintiffs' argument. Additionally, at this time, it would not be a prudent exercise of discretion to dismiss the claim with prejudice absent both parties' consent. *See* Fed. R. Civ. P. 41(a)(1)(B). Accordingly, the unjust enrichment claim will be dismissed *without* prejudice.

### 1.2 Rule 12(b)(6) and Rule 9(b)

Federal Rule of Civil Procedure 12(b) provides for dismissal of complaints which, among other things, fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015) (internal citations and quotations omitted). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal citations and quotations omitted).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In other words, the Plaintiff must set forth the "who, what, when, where, and how of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 854 (7th Cir. 2009)).

**2. RELEVANT FACTS**

Plaintiffs are four individuals who bought "one or more" Windex "Non-Toxic Formula" products, believing such purchases would "avoid harm caused by harsh chemicals." (Docket #12 ¶¶ 57–62). The products in question are Windex Original Glass Cleaner, Windex Multi-Surface Cleaner, Windex Vinegar Cleaner, and Windex Crystal Rain (Ammonia-Free) (collectively, "the Products"). Each product boasts a "non-toxic formula." (*Id.* ¶ 2). The bottles also claim to be made of either "100% Ocean Plastic" or "100% Recycled Plastic." (*Id.*)

Plaintiffs purchased the Products because "they wanted to avoid harm caused by harsh chemicals" and understood the term "non-toxic" to mean that the products were "not harmful to people . . .or the environment." (*Id.* ¶¶ 15, 62).[3] Plaintiffs would "buy the Products again if assured [they] did not contain components which were toxic and had the harsh physical and environmental effects they did." (*Id.* ¶ 63). Had Plaintiffs known that these products were, in fact, toxic, "they would not have bought the Products or would have paid less for them." (*Id.* ¶ 48). Plaintiffs allege that the "non-toxic" label "causes consumers to believe that Defendant's products are safer than they actually are," in violation of Wisconsin's DTPA. (*Id.* at 17).[4] Additionally, the non-toxic label "caused consumers to

---

[3] Though this is not pled with the utmost clarity, Plaintiffs explain that they "understood non-toxic in the manner identified above," which, in turn, describes how a reasonable consumer would understand the term "non-toxic," i.e., as not harmful to people or the environment. *See generally* (Docket #12).

[4] In light of an error in the complaint's paragraph numbering scheme, the Court will pin cite to pages in situations where a citation to the paragraph would result in confusion.

purchase Defendant's products believing they were environmentally friendly and non-toxic when, in fact, they were not." *Id.*

The Federal Trade Commission (FTC) has promulgated a series of regulations known as the "Green Guides" to "help marketers avoid making environmental marketing claims that are unfair or deceptive." 16 C.F.R. § 260.1. These regulations forbid misrepresentations, "directly or by implication, that a product, package, or service is non-toxic," either to humans or the environment generally. *Id.* § 260.10(a). The Green Guides instruct marketers to "have competent and reliable scientific evidence" that the product in question "is non-toxic for humans and for the environment." *Id.*

### 3. ANALYSIS

#### 3.1 Article III Standing

Defendant first contends that Plaintiffs lack Article III standing to bring these claims. A litigant has standing to sue in federal court only when (1) the litigant has suffered an injury in fact, (2) the injury is "causally connected to the challenged conduct of the defendant," and (3) the injury is "likely to be redressed by a favorable judicial decision." *Doe v. Holcomb*, 883 F.3d 971, 975 (7th Cir. 2018) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Here, Plaintiffs appear to satisfy all three elements. They claim that they paid too much for cleaning products that they believed to be non-toxic but were, in fact, toxic. (Docket #12 ¶¶ 47, 48). This injury was caused by Defendant's representations that the Products were non-toxic, and therefore safe for humans and the environment. (*Id.* ¶¶ 14–16, 62). Plaintiffs seek money damages and injunctive relief. (*Id.* at 19).

Notwithstanding this showing, Defendant advances two standing arguments: first, that Plaintiffs lack standing because they are attempting

to bring claims for products that they are not alleged to have purchased; second, that they are not entitled to injunctive relief because they cannot allege a future injury. As to the first argument, it is wholly without merit. Though the allegations are unclear as to which plaintiff purchased which product (these shortcomings will be discussed in Section 3.2, *infra*), Plaintiffs have clearly alleged that they purchased the following offending products: "Original Non-Toxic Formula, Vinegar Non-Toxic Formula, Ammonia-Free Non-Toxic Formula and Multi-Surface Non-Toxic Formula." (Docket #12 ¶¶ 2, 57–60). They even provided photographs of these products. *See* (*id.* ¶ 2). This is not a case where Plaintiffs alleged that they only purchased four products, but claimed relief for injuries arising from 70 other products. *Cf. Kisting v. Gregg Appliances, Inc.*, No. 16-CV-141, 2016 WL 5875007, at *3–5 (E.D. Wis. Oct. 7, 2016). Rather, the complaint alleges that Plaintiffs purchased these four products, and they are seeking relief based on these four products.

Defendant's argument regarding injunctive relief under the DTPA warrants more nuanced consideration. There is some disagreement among courts within the Seventh Circuit as to whether plaintiffs who, "having unveiled the defendant's deception," are stripped of standing to pursue injunctive relief on the grounds that they are unlikely to be deceived again. *Compare Leiner v. Johnson & Johnson Consumer Co., Inc.*, 215 F. Supp. 3d 670, 673 (N.D. Ill. 2016) (concluding that a plaintiff had standing to bring her claims under an Illinois consumer protection law) *with Benson v. Fannie May Confection Brands, Inc.* No. 17-C-3519, 2018 WL 1087639, at *5 (N.D. Ill. Feb. 28, 2018) (holding that no injunctive relief was available because plaintiffs "[a]lready aware of [the] deceptive practices. . .cannot claim they will be deceived again in the future.").

Page 6 of 10
Case 2:20-cv-00869-JPS   Filed 08/02/21   Page 6 of 10   Document 21

The Seventh Circuit recently addressed standing for injunctive relief in a deceptive advertisement case in connection with a defendant's attempt to "pick off" a class representative. *Laurens v. Volvo Cars of N. Am., LLC*, 868 F.3d 622 (7th Cir. 2017). In *Laurens*, the plaintiffs purchased a hybrid car with an advertised battery range of 25 miles. *Id.* at 623. In reality, the car averaged "a puny eight to ten miles of battery-only driving." *Id.* at 623–24. The plaintiffs filed a class action seeking damages and injunctive relief. *Id.* at 624. Though not central to the case, the Seventh Circuit touched on the issue of the plaintiffs' standing to pursue injunctive relief in a deceptive advertisement case. *Id.* at 625.

The Seventh Circuit explained that the plaintiffs would need to "demonstrate a stake in injunctive relief in particular." *Id.* It observed that the plaintiffs might have difficulty making such a showing, given that they were already wise to the car manufacturer's false advertisement. *Id.* Nevertheless, the Seventh Circuit highlighted that the underlying dispute had not been settled and the fact that plaintiffs sought "to serve as class representatives complicate[d] matters." *Id.* Indeed, "the fact that one lie has been uncovered may not, in fact, resolve the full dispute." *Id*. The *Laurens* court made clear that the record had not been made, and the district court would be "free to draw, or not to draw, the conclusion that [the plaintiff] has not met her burden to show standing for injunctive relief." *Id.* at 629 (Kane, J., concurring); *cf. Conrad v. Boiron, Inc.*, 869 F.3d 536, 542 (7th Cir. 2017) (finding no standing and distinguishing itself from *Laurens* where there was no possibility of class treatment and the record "unequivocally foreclose[d]" any possibility of injunctive relief).

The Seventh Circuit's circumspection with regard to this issue reflects an enduring conundrum: to strip "a prospective plaintiff of

standing to seek an injunction [of a deceptive practice] solely because they are aware of a past wrong" would lead to "anomalous results." *Le v. Kohls Dep't Stores, Inc.*, 160 F. Supp. 3d 1096, 1111 (E.D. Wis. 2016). Defendant relies on *Camasta v. Jos. A. Bank Clothiers, Inc.*, in which the Seventh Circuit dismissed a claim for injunctive relief brought under the Uniform Deceptive Trade Practices Act on the grounds that a plaintiff who was aware of deceptive sales practices was not "likely" to be harmed by them in the future. 761 F.3d 732, 740 (7th Cir. 2014). However, in *Camasta*, the only allegation before the district court that the plaintiff would suffer a future harm was a single, sweeping claim that "there is a substantial danger that [the defendant's] wrongful retail practices will continue." *Camasta v. Jos. A. Bank Clothiers, Inc.*, Case No. 12-C-7782, 2013 WL 474509, at *6 (N.D. Ill. Feb. 7, 2013). Thus, as this Court has previously observed, "from a legal perspective, the *Camasta* court merely repeated the well-accepted rule that the standing inquiry for the purpose of injunctive relief is probabilistic, i.e., is there 'likelihood' that some harm will be suffered by the plaintiff in the future?" *Le*, 160 F. Supp. 3d at 1111.

It is on this point that Plaintiffs' complaint falters. There are no allegations that Plaintiffs were likely to be harmed by ongoing labeling practices when they filed suit. There were no allegations that Plaintiffs were likely to confront or inadvertently purchase these deceptively labeled products in the future and suffer harm—there is only a conditional statement that Plaintiffs would buy the Products again "*if* assured [they] did not contain. . ." toxic components. (Docket #12 ¶ 63). Nor are there allegations that these labeling practices are so pervasive across a variety of Defendant's products that Plaintiffs could never be clearly on notice as to a specific product's deceptive advertisement, because the deception is too

Page 8 of 10
Case 2:20-cv-00869-JPS   Filed 08/02/21   Page 8 of 10   Document 21

far-reaching. *Cf. Le*, 160 F. Supp. 3d at 1110. The lack of a likely future injury means there is no "actual case or controversy" as required for Article III jurisdiction on the issue of injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983). This is not to say that a plaintiff could never plead such injury—only that Plaintiffs have failed to do so here. Thus, Plaintiffs' plea for injunctive relief must be dismissed for lack of standing without prejudice.

### 3.2 DTPA Claim for Damages

Plaintiffs' plea for monetary damages persists, so the Court now turns to whether they have adequately stated a claim under the Wisconsin DTPA. Plaintiffs must allege that "(1) the defendant made a representation to the public with the intent to induce an obligation, (2) the representation was untrue, deceptive or misleading, and (3) the representation materially induced (caused) a pecuniary loss to the plaintiff[s]." *Novell v. Migliaccio*, 749 N.W.2d 544, 553 (Wis. 2008) (citations and quotation omitted); *Miller v. Vonage Am., Inc.*, Case No. 14-CV-379, 2015 WL 59361, at *5 (E.D. Wis. Jan. 5, 2015) ("Because a claim under the DTPA sounds in fraud, it must be pleaded with particularity.").

Plaintiffs have generally alleged that Defendant made representations about the non-toxicity of their products knowing that the reasonable consumer was likely to construe those representations to mean that the products are safer than, perhaps, they really are. Plaintiffs have also alleged that these representations are untrue or misleading, given the ingredients list and their common side-effects. Additionally, Plaintiffs have alleged that the representation caused loss, as they paid a premium for products that were not actually as safe as they purported to be. Nonetheless, Plaintiffs' claim is not pled with particularity. Which plaintiff

purchased which product? When? Where? How much did they pay? How much more expensive were the "non-toxic" products compared to those without such a label? Plaintiffs' shortcomings are curable, and they will be afforded the opportunity to file an amended complaint.

4. **CONCLUSION**

Defendant's motion to dismiss will be granted as stated in the text of this Order. Plaintiffs will be afforded twenty-one (21) days in which to file an amended complaint. If Plaintiffs do not file an amended complaint within twenty-one (21) days of the date of this Order, the case will be dismissed without prejudice with no further notice from the Court.

Accordingly,

**IT IS ORDERED** that Defendant's first motion to dismiss (Docket #4) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant's second motion to dismiss (Docket #14) be and the same is hereby **GRANTED** as stated in the text of this Order; and

**IT IS FURTHER ORDERED** that Plaintiffs file an amended complaint within twenty-one (21) days of the date of this Order.

Dated at Milwaukee, Wisconsin, this 2nd day of August, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge